UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40474
Summary Calendar

_____

MARY LOU KING DAVIS,

Plaintiff-Appellant,

versus

MEMORIAL MEDICAL CENTER OF EAST TEXAS; POLK COUNTY MEMORIAL
HOSPITAL; POLK COUNTY LAKE LIVINGSTON MEDICAL CENTER;
LIVINGSTON MEMORIAL HOSPITAL; POLK COUNTY HOSPITAL;
ANNE GOODWIN; DARLENE WILLIAMS; THE DIRECTORS AND ADMINISTRATORS
OF POLK COUNTY MEMORIAL HOSPITAL, their assignees & successors;
THE DIRECTORS AND ADMINISTRATORS OF POLK COUNTY LAKE LIVINGSTON
MEDICAL CENTER, their assignees & successors; JAY DICKERSON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(9:96-CV-459)

_____
October 7, 1997

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant May Lou King Davis appeals the judgment of the district court pursuant to FED. R. CIV. P 12(b)(6) dismissing her discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e2(a)(1) ("Title VII"), and the Age

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a)(1) ("ADEA"), on the pleadings for failure to state a claim for which relief may be granted.  We affirm.

Davis filed a complaint in the district court apparently attempting to charge the appellees with discrimination based on sex, race, and/or age.  The appellees filed a Motion to Dismiss and for a More Definite Statement.  While denying the Motion to Dismiss, the court granted the appellees' Motion for a More Definite Statement, requesting that Davis replead her complaint to include "the specific acts and/or omissions of each and every defendant named in Plaintiff's complaint."  She was warned that failure to do so could result in dismissal of her case.

Davis filed an amended complaint.  Shortly thereafter and upon motion of the appellees, the court dismissed Davis's claims, stating that, although the court does not hold a *pro se* plaintiff to the same standard expected of practicing attorneys, Davis had failed to supply any specific allegations of wrongdoing against any specific defendant.  Davis timely appealed.

This court reviews *de novo* a district court's dismissal of a plaintiff's case on the pleadings pursuant to FED. R. CIV. P. 12(b)(6).  *See Eason v. Holt,* 73 F.3d 600, 601 (5th Cir. 1996).  "Dismissal is not proper unless it appears, based solely on the pleadings, that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."  *Id.*

Davis, appearing *pro se* in both the district court and before this court, attempted to plead claims under Title VII for sex and race discrimination and under the ADEA for age discrimination.[1]  In order to establish a *prima facie* case of discrimination under Title VII, a plaintiff must plead facts sufficient to establish that (1) she is a member of a class protected under Title VII; (2) she was qualified for the position that she held; (3) she was discharged; and (4) after being discharged, her employer replaced her with a person not a member of a protected class.  *See Meinecke v. H & R Block of Houston,* 66 F.3d 77, 83 (5th Cir. 1995).  If an employer discharges the plaintiff and does not replace her, the plaintiff must establish as the fourth element of her *prima facie* claim that, after being discharged, others who are not members of the protected class remained in similar positions.  *See id.*  Similarly,

> [t]he first three elements of a *prima facie* case of age discrimination under the ADEA are identical to the first three elements of a Title VII *prima facie* case.  The fourth element is similar, although we have worded it somewhat differently: The plaintiff must show that "[s]he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of [her] age."

*Id.* (internal citations omitted; quoting *Bodenheimer v. PPG Indus., Inc.,* 5 F.3d 955, 957 (5th Cir. 1993)).

---

[1]Because the requirements for establishing a claim under either of these statutes is similar, we will analyze them together. *See Meinecke v. H & R Block of Houston,* 66 F.3d 77, 83 (5th Cir. 1995).

3

We have reviewed the pleadings and agree with the district court that Davis has failed to plead facts in support of her claims which would entitle her to relief. Although she claims in her pleadings to be a black, female who was "illegally terminated" for "improperly changed medical records," Davis does not claim that after being discharged, her employer replaced her with a person who is not a member of a class protected by Title VII or that others who are not members of a protected class remained in similar positions. Neither does she claim that she was replaced by someone younger or otherwise discharged because of her age. Even after being instructed by the court to do so, she has failed to include in her complaint any specific allegations of wrongdoing against any specific defendant.

Davis has not pleaded facts -- even when read liberally -- which would entitle her to relief under Title VII or ADEA. Accordingly, we AFFIRM the judgment of the district court. AFFIRMED.

4